1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

RENATA ANNA PIATEK, an individual,

Plaintiff,

v.

MAGDALENA J. SIUDY, an individual,

Defendant.

Case No. C07-05132RBL

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The matter is before the Court on Defendant's Motion for Summary Judgment. [Dkt. #50].  The Court has reviewed the pleadings filed in support of the motion, as well as the Plaintiff's pleadings filed in opposition [Dkt. #52,# 53, & # 54], and the reply [Dkt. # 55] together with the remainder of the record and files herein.  For the reasons set forth herein, the Defendant's motion is DENIED.

Defendant seeks summary judgment on the grounds that the Plaintiff is precluded by collateral estoppel from litigating the issue of whether community funds from the Piatek marriage were used to purchase the Buckley property.  Defendant argues that this issue was finally decided by the Polish court in the Piateks' dissolution proceedings.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on

1    file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317,

2    324 (1986).   In other words, "summary judgment should be granted where the nonmoving party fails to

3    offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." Triton Energy

4    Corp. v. Square D Co., 68 F.3d 1216, 1220 (9th Cir. 1995).

5          Collateral estoppel precludes a party from re-litigating an issue finally decided by a court in a prior

6    cause of action only when the issue that was decided in the prior action is identical to the one presented in

7    the current action.  See Sprinkle v. SB&C Ltd., 472 F.Supp.2d 1235, 1243 (W.D. Wash. 2006)(citing

8    Southcenter Joint Venture v. Nat'l Democratic Policy Comm., 113 Wn.2d 413, 418, 780 P.2d 1282

9    (1989)).

10          Plaintiff is not precluded by collateral estoppel from litigating the issue before this Court because it

11   is not identical to any of the issues decided by the Polish court.  The issues litigated and decided by the

12   Polish court were the dissolution of the Piateks' marriage and the date that the Piateks' estates would be

13   considered separate.  The order entered by the Polish court on December 5, 2007, established that Stan

14   and Renata Piatek's property is separate as of January 1, 2005.  The court in this order did not decide

15   whether community funds from the Piatek marriage were used to purchase the Buckley property in Ms.

16   Siudy's name.

17          The dispute over the Buckley property was not before the Polish court because it did not have

18   jurisdiction over property disputes in Washington State and Australia.  In the Polish court's order dated

19   April 5, 2007, the court found that it lacked jurisdiction over the Australia and Washington property

20   disputes. Declaration of Grazyna Psiuch, Exhibit A [Dkt. # 54].  In sum, Defendant has failed to show that

21   the Polish court finally decided the issue of whether community funds from the Piatek marriage were used

22   to purchase the Buckley property.

23          Even if the Polish court had decided the issue of whether community funds were used to purchase

24   the Buckley property, this Court would not have to recognize the Polish court's decision because it lacked

25   jurisdiction to hear the dispute over the Washington property.  "Full faith and credit need not be extended

26   to a foreign judgment if the court lacked jurisdiction to hear the case in the first place." In re Estate of

27   Stein, 78 Wn. App. 251, 261, 896 P.2d 740 (1995), review denied, 128 Wn.2d 1014, 911 P.2d 1343

28   (1996). When dissolution proceedings are held in a foreign state or country, Washington courts have

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
Page - 2

1    jurisdiction over disputes over any property located in Washington.  Brown v. Brown, 46 Wn.2d 370, 372,

2    281 P.2d 850 (1955).  Because the Polish court did not have jurisdiction to hear the dispute over the

3    Buckley property, the issue of whether the Buckley property was purchased with community funds was

4    never finally decided, and Plaintiff is not precluded from litigating this issue in this Court.

5           Defendant has failed to show that there is no genuine issue of material fact and that she is entitled

6    to judgment as a matter of law.  Therefore, Defendant's Motion for Summary Judgment [Dkt. #50] is

7    DENIED.

8           IT IS SO ORDERED.

9

10          Dated this 13th day of February, 2008.

11

12

13

14          _____
            RONALD B. LEIGHTON

15          UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
Page - 3