HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENATA ANNA PIATEK, an individual,

Plaintiff,

v.

MAGDALENA J. SIUDY, an individual,

Defendant.

Case No. C07-5132

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

This matter came on for trial before the Court, sitting without a jury, on August 18, 2008. Plaintiff Renata Anna Piatek was represented by Roger J. Kindley of Ryan Swanson & Cleveland, PLLC. Defendant Magdalena J. Siudy was represented by Daniel Harris of Harris & Moure PLLC.

The Court heard and considered the testimony of Renata Piatek, Eugeniusz Marek Piatek and Stanislaw Piatek, and reviewed and considered all exhibits admitted into evidence. The Court has admitted and considered all exhibits provided to it by the parties. The Court also reviewed and considered the legal memoranda and arguments of counsel, and all other matters on file herein. Being fully advised in this matter, now, therefore, the Court makes the following:

**FINDINGS OF FACT**

1. Renata Piatek married Stanislaw Piatek in 1983.

2. The marriage of Renata Piatek and Stanislaw Piatek was dissolved by order of the Polish court

in July 2007.

3. Renata and Stan Piatek built two homes in Australia on Sovereign Island in Queensland, Australia. The smaller house was sold in 2002. The larger house was constructed using community funds. See Exhibit 42, paragraph 13. .

4. In March 2005, Stan Piatek sold the larger Sovereign Island home on Lot #183 without the knowledge or consent of Renata Piatek.

5. On March 21, 2005, Stan Piatek deposited $1,625,955.73 (Australian) into his personal account with Suncorp Bank in Australia at the Runaway Bay branch. These funds were from the March 2005 sale of the Sovereign Island home owned by Renata and Stan Piatek.

6. The account statements for Stan Piatek's cash management bank account with Suncorp Bank were addressed to Stan Piatek's brother, Eugeniusz Marek Piatek ("Marek Piatek").

7. Marek Piatek had a power of attorney in Australia for his brother Stan Piatek and the authority to act for Stan Piatek.

8. Magdalena Siudy was a girlfriend of Stan Piatek at that time and the mother of one of Stan Piatek's children. Later, she became the mother of another one of Stan Piatek's children.

9. On March 29, 2005, Stan Piatek, Magdalena Siudy and Marek Piatek went to Suncorp Bank and obtained a check payable to Magdalena Siudy in the amount of $1,200,000 (Australian).

10. On March 29, 2005, Stan Piatek, Magdalena Siudy, and Marek Piatek went to another bank in Australia, Westpac Bank, and opened an account in the name of Magdalena Siudy and deposited $1,200,000 (Australian) into that new account.

11. On April 11, 2005, Stan Piatek withdrew money from the cash management account at Suncorp where he had deposited the $1.6 million and put the money into Marek Piatek's company called EMP Pacific. The amount of the money withdrawn from Suncorp and deposited into EMP Pacific was $390,000 (Australian).

12. On April 18, 2005, Stan Piatek directed Marek Piatek to transfer the $390,000 in funds from EMP into an Australian company called Alexpol Pty Ltd. Marek Piatek did as directed by Stan Piatek. An account was opened in the name of Alexpol with the $390,000 (Australian) minus a $50 bank transaction fee

for opening a new account.

16. Alexpol was a company that was created on March 22, 2005. The sole directors of the company at that time were Magdalena Siudy and Eugeniusz Marek Piatek. It has had no other business other than to be a conduit for transfer of funds to the United States.

14. Between May 5, 2005 and May 16, 2005, Stan Piatek made various deposits into the Alexpol account with his funds. The total of these deposits was $380,000 (Australian).

15. Stan Piatek directed Marek Piatek to send $435,000 USD to Transnation Title Insurance Company to purchase a house in Buckley, Washington, in the name of Magdalena Siudy. Stan Piatek confirmed this by a fax he sent to Marek Piatek in which he makes it clear that it should be purchased in the name of Magdalena Siudy and that the funds should be taken from the Alexpol account.

16. Marek Piatek did as he was directed to by Stan Piatek and on September 1, 2005 in Australia, which was August 31 in the United States, Marek Piatek wire transferred $579,101.48 (Australian) to Transnation Title Insurance Company. This was the equivalent of $435,000 USD based upon the exchange rate at that time.

17. On August 31, 2005, a Statutory Warranty Deed was executed by Afford A Home, Inc., a Washington corporation, to Magdalena J. Siudy, a single woman, for property in Buckley, Pierce County, Washington, legally described as:

> Lot 84 of White River Estates as per Plat recorded November 29, 2004 under Recording No. 200411295001, Records of Pierce County Auditor; situate in the County of Pierce, State of Washington.

18. This property (called the "subject property") was purchased directly with funds from Alexpol which, in turn, came from community property funds of Stan Piatek and Renata Piatek.

19. On January 22, 2007, Renata Piatek filed a Lis Pendens on the subject property described above.

20. On April 7, 2007, Magdalena Siudy quit claimed the subject property to Walentyna Piatek, who is the mother of Stan Piatek.

21. In the Real Estate Excise Tax Affidavit, Magdalena Siudy signed under penalty of perjury that the transfer of the property was as a gift to Walentyna Piatek.

22. Stan Piatek opened various bank accounts and moved money around in order to make it difficult to trace the assets. He did this as a systematic scheme to hide assets from Renata Piatek.

23. Stan Piatek and Renata Piatek owned a boat called "The Spirit of Poland" with hull identification #USDAO1MLF899. This boat was purchased in 1998 in Washington by Stan and Renata Piatek and licensed in their name. They paid $156,495.50 (USD) for this boat.

24. In July 2004, Stan Piatek sold this boat for $308,000 (Australian) without any approval or acknowledgment of Renata Piatek. Renata Piatek never received the benefit of any of these funds or had any notice of this transaction.

25. The funds for the sale of The Spirit of Poland were wired to a personal account Stan Piatek had set up at Washington Mutual in Maple Valley, Washington. This was not an account Renata Piatek ever was an owner of or otherwise listed on.

26. Stan Piatek has taken funds from the community property bank accounts without Renata Piatek's permission. This includes a transfer of $500,000 on March 21, 2003, a transfer of $150,000 on July 8, 2003, a transfer of $100,000 on September 9, 2003, a transfer of $115,000 on January 27, 2004, and a transfer of $45,000 on December 6, 2004, for a total of $910,000. Renata Piatek did not get the benefit of these funds and they were transferred to separate accounts of Stan Piatek.

27. The divorce of Renata Piatek and Stan Piatek was finalized in Poland in June 2007. The Polish court order provides that ownership of property in the United States is to be determined by courts in the United States and that the Polish court will not address ownership interest of United States property.

28. Renata Piatek testified. The Court finds Renata Piatek was credible.

29. The deposition of Eugeniusz Marek Piatek was entered as evidence on behalf of plaintiff Renata Piatek. The Court finds Marek Piatek's testimony credible

30. Stan Piatek testified on behalf of defendant. The Court finds Stan Piatek was not credible and does not accept his testimony.

Based upon the foregoing Findings of Fact, the Court makes the following:

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the property in this case, which is legally described in the Findings of Fact, which description is incorporated by reference in this Conclusion of Law.

2. Sitting in equity, this Court has the power and the duty to provide equitable relief.

3. This is an *in rem* proceeding and is an action in equity relating to the ownership of the subject property in Buckley, Washington.

4. The subject property was purchased with community property funds.

5. The 2008 assessed value of the subject property in Buckley, Washington, is $409,000. There has been no evidence before the Court that the fair market value is any different than that and the Court accepts that as the value of the property.

6. The Court concludes that the transfer by which Stan Piatek transferred community property funds from Australia to the United States to purchase the subject property in the name of his girlfriend, Magdalena Siudy, was a fraudulent transfer as to Renata Piatek.

7. The Court concludes that declaratory judgment will be entered declaring that Renata Piatek is the sole owner of the subject property because Stan Piatek used community property funds to pay for it and has already transferred $1.2 million of those community property funds to his girlfriend, Magdalena Siudy. Moreover, Stan Piatek has made other transfers, such as The Spirit of Poland, and transfers from community property bank accounts to his private bank accounts over time.

8. Magdalena Siudy has no interest in the property now because she transferred it. Furthermore, she never was entitled to have any interest in the property because it was not her money and there was no reason community property funds should have been given to Magdalena Siudy, either with the subject property or the deposit of $1.2 million into an account in her name in Australia.

9. Stan Piatek should have no ownership interest in the property because he was never on title and he has already received more than his share of community property funds as a result of the transactions documented at trial.

10. The effect of a Lis Pendens is to bind those who purchase or encumber affected

property subsequent to recording of the lis pendens notice to the ultimate judgment of litigation. Walentyna Piatek received the property by Quit Claim Deed in April 2007, after the Lis Pendens was recorded and, therefore, is subject to the judgment in this case. She paid nothing for the property and did not receive the property in good faith. For these reasons, the Court concludes that Walentyna Piatek has no ownership interest in the property.

11. The Court concludes that judgment should be entered decreeing that title is solely vested in Renata Piatek.

12. The cost of the Polish interpreter is to be taxed to the defendant.

DATED this 20th day of August, 2008.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE